UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. RUSSELL, | Case No. 2:19-01838 DSF (ADS) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| FELIX VASQUEZ, | |
| Respondent. | |

## I. **INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by John C. Russell ("Petitioner"), a California state prisoner. [Dkt. No. 1]. The Court's review of the Petition, the Court's own records, and public records reveals that the Petition appears to be untimely and that one of Petitioner's grounds for relief is moot.[1] For the reasons discussed below, Petitioner is

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as

**ORDERED TO SHOW CAUSE** in writing **within twenty-eight (28) days** of the service of this Order why the instant Petition should not be dismissed with prejudice because it is time-barred and whether Petitioner's fifth ground for relief should be dismissed as moot.

## II. RELEVANT BACKGROUND

On March 5, 2019, Petitioner constructively filed the instant Petition pursuant to Title 28 United States Code Section 2254. [Dkt. No. 1]. The Petition challenges a 2014 conviction, in which a jury convicted Petitioner of first-degree murder in Ventura County Superior Court, trial court case number 2012027191. [Id., p. 2].[2] Petitioner now raises the following five grounds for relief:

    1.    The trial court prejudicially erred in violation of state laws by allowing DNA testing without first holding a required Kelly Prong One hearing, which violated Petitioner's due process rights because the testing methods were not approve by the DNA scientific community;

    2.    The trial court prejudicially erred in violation of state laws by allowing DNA testing without first holding a required Kelly Prong Three hearing, which violated Petitioner's due process rights because the DNA evidence was not reliable according to the DNA scientific community;

---

well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

[2] All citations to electronically-filed documents refer to the CM/ECF pagination.

3. The trial court abused its discretion by excluding evidence that circumstantially linked a third-party to the murder and raised a reasonable doubt about Petitioner's guilt;

4. The cumulative prejudice from the trial court's errors violated Petitioner's rights under state law and the due process clause of the Fourteenth Amendment; and

5. Petitioner received ineffective assistance of counsel because his trial counsel failed to object when the trial court imposed a $10,000 restitution, in violation of the state constitution and the Sixth and Fourteenth Amendments ("Ground Five").

[Dkt. No.1, pp. 5-7].

### III. THE PETITION APPEARS TO BE UNTIMELY

#### A. The Petition is Facially Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); see also Wall v. Kholi, 562 U.S. 545, 550 (2011); Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The limitation period begins to "run from the latest of" four specified dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); see Sup. Ct. R. 13 (allowing a petition for writ of certiorari seeking review of a judgment of a state court of last resort to be filed within ninety days after the entry of the judgment).

Here, the Petition is facially untimely. Petitioner alleges he was convicted on December 19, 2014 and sentenced on January 21, 2015. [Dkt. No.1, p. 2]. Petitioner then filed a direct appeal in the California state courts and the California Supreme Court denied Petitioner's petition for review on September 13, 2017. [Id., pp. 2-3]. Therefore, his conviction became final ninety days later on December 12, 2017, and the limitations period expired one year later on December 12, 2018. Since the instant Petition was not constructively filed until March 5, 2019, it appears to be untimely by nearly three months, absent tolling.

## IV. <u>GROUND FIVE APPEARS TO BE MOOT</u>

In addition, it appears that Ground Five of the Petition – that Petitioner's trial counsel rendered ineffective assistance when he failed to object to the imposition of a $10,000 restitution fine – should be dismissed as moot. A claim for habeas relief becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." <u>See</u>, <u>e.g.</u>, <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit though all staged of the judicial proceedings. <u>Id.</u> "This means that, throughout the litigation, the Petitioner 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" <u>Id.</u> (quoting <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990)); <u>Burnett v. Lampert</u>, 432 F.3d 996, 10001 (9th Cir. 2005).

Here, Ground Five of the instant Petition was previously raised on direct appeal to the California Court of Appeal. [Dkt. No. 1, pp. 3, 108-114]. The California Court of Appeal granted Petitioner's appeal on this issue, and ordered the fine be stricken. [Dkt. No. 1, p. 3]; <u>California Appellate Courts Case Information 2nd Appellate District</u>,

4

https://appellatecases.courtinfo.ca.gov, (Court of Appeal Case No. B262474). The Court of Appeal's order therefore cured any prejudice caused by trial counsel's allegedly deficient performance. As such, this claim is no longer redressable in a federal habeas proceeding and Court cannot grant further relief.

## V.     PETITIONER IS ORDERED TO SHOW CAUSE

As discussed above, it appears the Petition is untimely and Ground Five is moot. The Court has the discretion to dismiss untimely habeas petitions <u>sua sponte</u> under AEDPA's one-year limitation as long as the parties are accorded fair notice and an opportunity to respond. <u>Day v. McDonough</u>, 547 U.S. 198, 209-11 (2006); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001). Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** within **twenty-eight (28) days** of the service of this Order why the Court should not dismiss this action as time-barred and address whether Ground Five should be dismissed as moot.

In his response to this Order, Petitioner must explain whether any later trigger to the statute of limitations applies and whether statutory or equitable tolling apply. If Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way. <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010). Petitioner may submit other evidence he deems appropriate to support his claim(s) for tolling. The Court makes no representation as to whether Petitioner can meet the required showings for tolling.

In the alternative, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). However,

Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1).

**Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**

Dated: July 01, 2019 　　　　　　　　　　　　／s／ Autumn D. Spaeth　　　　
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge